IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**EARL M. HOOVER, III,**

    **Plaintiff,**

**v.**
                             **Case No. 2:18-cv-01259**
                             **Case No. 2:18-cv-01328**
                             **Case No. 2:18-cv-01335**
                             **Case No. 2:18-cv-01354**

**SOUTH CENTRAL REGIONAL JAIL,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMEDANTION**

These matters are assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge and are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The plaintiff, who was released on parole after filing these civil actions, failed to appear for a status conference on May 13, 2019 at 11:00 a.m., despite notice thereof being sent to the address provided by the plaintiff's parole officer. Accordingly, on May 13, 2019, the undersigned entered an Order to Show Cause (ECF No. 13) directing the plaintiff to respond in writing to the court by **May 28, 2019** to show cause why these civil actions should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff was further notified that the failure to comply with the undersigned's Order to Show Cause would result in the undersigned's recommendation to the presiding District Judge that all four civil actions be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

As of today's date, the plaintiff has failed to respond in any way to the court's Order to Show Cause and has fully failed to prosecute these matters. Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The defendants have not been served with process in any of these matters and it appears that the plaintiff no longer wishes to pursue these cases. Thus, it appears that a dismissal without prejudice is the appropriate action to be taken. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** all of these civil actions, **WITHOUT PREJUDICE**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and **DENY AS MOOT** the plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (ECF No. 1) in each case.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address.

May 30, 2019

Dwane L. Tinsley
United States Magistrate Judge